AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> )  Civil Action No. <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*
                                                            OR

_____              _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:24-cv-07388 Document 1-2 Filed 08/29/24 Page 3 of 8 Page ID #:10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
# **DEFINITIONS**

1.  The term "document" and/or "documents" are used in their broadest sense and shall mean all written, printed, typed, computerized, and/or other graphic material in your possession custody or control, whether or not prepared by you, and include, but are not limited to, correspondence, memoranda, handwritten notes, messages, telegrams, web-based, server-based, or dial-up electronic mail ("e-mail"), diaries, calendars, lists, minutes, books, reports, charts, graphs, books of account, vouchers, invoices, receipts, ledgers, work sheets, work papers, receipts, tax returns, computer printouts, financial statements, schedules, affidavits, written statements, contracts, agreements, canceled checks, transcripts, statistics, surveys, studies, analyses, magazine or newspaper articles, photographs, videos, microfiche, microfilm, information contained in any computer database, recording tape or wires, film, photographs, or any graphic matter, however produced or reproduced, all mechanical or electronic sound recordings or transcripts thereof, all information stored or located in computer hardware or software, including metadata, and all drafts and non-identical copies thereof. The term "document" also means all copies of documents by whatever means made if the copy bears any other marking or notation and includes, but is not limited to, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

2. "Communication" or "communications" shall mean and include all inquiries, discussions, conversations, interviews, negotiations, agreements, correspondence, letters, cablegrams, mailgrams, telegrams, telexes, cables, electronically transmitted messages (e.g., "e-mail," text messages, instant messaging, App or website-based messages or voice mail messages), postings on Internet bulletin boards, or other forms of written, verbal or electronic intercourse, however transmitted.

3. "You" or "Your" shall mean André Paul Boissier.

4. "Petitioner" shall mean Valeska Sigren Bindhoff.

5. "Joint Account" shall mean the account numbered 11299100 at Lombard Odier, held jointly by Petitioner and Jean-Jacques Boissier since August 12, 1993.

6. "Lombard Odier" shall mean Banque Lombard Odier & Cie S.A.

7. "Valbois and Debois Distributions" shall mean the income distributions made into the Joint Account following the death of Jean-Jacques Boissier out of the Valbois and Debois Trusts, which were set up by Jean-Jacques Boissier in 1998 and 2010, respectively.

8. The term "regarding" shall mean anything which directly or indirectly concerns, consists of, pertains to, evidences, involves, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## INSTRUCTIONS

1. You must make a diligent search of any and all Documents that are (i) in Your possession, custody or control, or (ii) in the possession, custody or control of present or former agents, attorneys, consultants, advisors, representatives, and all other Persons acting or purporting to act on Your behalf, or (iii) otherwise available

to You, and furnish all Documents and/or information available to You or subject to Your reasonable inquiry.

2. Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions. Although there may be some overlap, no Request should be understood to limit any other.

3. A Request for a Document shall be deemed a Request for any non-identical copies or drafts of such Documents, as well as all transmittal sheets, cover letters, exhibits, enclosures, appendices or attachments to the Document, in addition to the Document itself.

4. If any portion of any Document is responsive to any Request(s), the entire Document, including the attachments, disclosures, and/or exhibits must be produced.

5. No attached Documents should be separated from each other.

6. The fact that a Document is possessed or produced by another party does not relieve You of Your obligation to produce a copy of the same Document, even if two Documents are identical in all respects.

7. The response to each of these Requests shall first set forth verbatim the Request to which it is responding.

8. To the extent that You deem or consider any Request to be ambiguous, You should set forth the part deemed ambiguous and the construction You adopted to respond to the Request.

9. If it is not possible to produce any Document called for by the Request, or if You object to any individual Request in whole or in part, state specifically Your objection(s) or the reason(s) for failure to produce the Document.

10. <u>Objections Based on Privilege</u>. In the event that any answers or identification of any documents requested herein are withheld under a claim of privilege, please provide the following information with respect to each such answer or document:

    a. The type of document, its general subject matter, and the place and approximate date it was prepared or created;

    b. The name and title of each person who prepared or created the document or who has knowledge of the answer, and the name and title of each other person who has received or examined the document or a copy thereof; and

    c. A statement of the circumstances that bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to the entire answer or document or to part of the answer or document.

11. For any responsive Documents stored in electronic format, including email, You shall produce those Documents in native file format.

12. All Documents should be produced as they are maintained in the ordinary course of business, including in the sequence in which they are ordinarily maintained, or shall be organized and labeled to correspond to the specific Request(s) to which they are responsive. All Document shall be produced in their entirety, including with any attachments, exhibits, and/or enclosures. All electronically stored Documents shall be produced pursuant to the instruction above and You should otherwise ensure that all data associated with those Documents – including metadata, sequence, original file location, and attached or embedded objects – are preserved and produced. All hard copies of Documents shall be produced in the original file folders, boxes, or other containers or binders in which such items are found, including the title, labels, or other descriptions of each such folder, box or other container, or attach a copy of the Documents to copies of the file folders from which they came. The integrity and internal sequence of the requested Documents within each folder shall not be disturbed or commingled with the contents of another folder.

13. Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

14. Unless otherwise stated, the time period applicable to each Request will be from November 8, 2021 to present (hereinafter, the "Relevant Time Period").

**DOCUMENT REQUESTS**

1. Documents between or involving You and any employee, officer, or director at Lombard Odier, including all emails with the handle "@lombardodier.com," sufficient to show the scope and contents of communications regarding Joint Account, Petitioner, and/or the Valbois and Debois Distributions.

2. Documents between or involving You and Marc Genet sufficient to show the scope and contents of communications regarding the Joint Account, Petitioner, and/or the Valbois and Debois Distributions.

3. Documents between or involving You and Emma Lombardini, Carlo Lombardini, or any other member of the law firm Poncet Turrettini Avocats with the email handle "@ptan.ch," sufficient to show the scope and contents of communications regarding the Joint Account, Petitioner, and/or the Valbois and Debois Distributions.

4. Documents between You and David L. Roach sufficient to show the scope and contents of communications regarding the Joint Account and/or Petitioner's claim to the Joint Account.

5. Documents between You and Your sister, Natasha Boissier, and/or Your brother, Sergei Boissier, sufficient to the scope and contents of communications regarding the Joint Account and/or Petitioner's claim to the Joint Account.