# EXHIBIT 17

*Valeska SICREN BINDHOFF v/ Banque Lombard Odier & Cie SA (C/24426/2022 9 ASC C)*

# DEMANDE

addressed to

Tribunal de premiere instance

by

Valeska Elisa Clara SIGREN BINDHOFF (BOISSIER). Fray Luis de Leon 1120, Las Condes. Santiago, Chili. Chile. whose counsel is the lawyer Raphael Reinhardt. Sedlex Lawyers. avenue Mon Repos 24, post office box 1410. 1001 Lausanne.

against

Banque Lombard Odier & Cie SA rue de la Corraterie 11. 1204 Geneve. whose counsel is the lawyer Emma Lombardini, Poncet Turrettini Avocats, rue de Hesse 8. post office box, 1211 Geneva 4.

●●●●●●●

Exhibit 17 Page 851

I.  **Admissibility**

In property matters, the parties may agree on the court called upon to settle a dispute arising or to arise in connection with a specific legal relationship. The agreement may be made in writing, telegram, telex, fax or any other means of communication which allows proof to be established by text. Unless otherwise stipulated, the choice of forum is exclusive (art. 5 al. 1 LDIP).

The contract is governed by the law chosen by the parties (art. 116 al. 1 LDIP).

Unless otherwise provided by law, the parties may agree on a forum for the settlement of a present or future dispute resulting from a specific legal relationship. Unless otherwise agreed, the action can only be brought before the chosen forum (art. 17 al. 1 CPC).

The Court of First Instance is competent for all acts of contentious or non-contentious civil jurisdiction that the law does not attribute to another judicial or administrative authority (art. 86 al. 1 LOJ-GE).

In particular, he exercises, unless the law designates another authority, the powers that the CPC assigns: a) to the first instance judgment authority; b) to the conciliation authority; (c) to the enforcement court; d) to the court designated in article 356, paragraph 2, CPC in matters of arbitration (art. 86 al. 2 LOJ-GE).

At issue in this case is a joint account that Mrs. Valeska Sigren Bindhoff, domiciled in Chile, holds with Banque Lombard Odier & Cie SA under No. 112991 00.

The general terms and conditions of Banque Lombard Odier & Cie SA submit the banking relationship to Swiss law and provide for a forum at the head office of the bank or branch where the client's assets are deposited (Exhibit 1, Art. 11).

Therefore, the jurisdiction of the Swiss authorities is given and the applicable law is Swiss law.

As the registered office of Banque Lombard Odier & Cie SA is in Geneva, the Court of First Instance has jurisdiction to hear this claim.

An authorization to proceed was issued on January 23, 2023. In accordance with ATF 138 III 615, the time limits for initiating proceedings before the court following the issuance of an authorization to proceed are suspended during public holidays.

The legal deadlines and the deadlines set by the courts do not run from the seventh day before Easter to the seventh day following Easter inclusive (art. 145 al. 1 let. a CPC), i.e. for 15 days.

Therefore, the deadline for filing the application on the merits expires on May 8, 2023 and this application is filed in good time.

* * * * *

II. **FACTS**

1. The late Jean-Jacques Gustave Paul Boissier, born October 8, 1933, and Mrs. Valeska Elisa Clara Sigren Bindhoff, born January 29, 1938, were married on April 10, 1980 in Santiago (Chile).

    **Evidence:** exhibits 4a, 16a, 16b and 16c

2. No children are born of this union.

    **Evidence**: Exhibit 4a

3. The late Jean-Jacques Boissier is however the father of the following three children, from a previous marriage:

    - Mr. André Boissier, born September 15, 1959;

    - Mr. Sergei Boissier, born on February 10, 1965;

    - Mrs. Natasha Boissier, born on May 22, 1968.

    **Evidence**: exhibits 4b, 4c and 4d

4. Mrs. Valeska Sigren Bindhoff holds, with her late husband Mr. Jean-Jacques Boissier, joint account No. 112991 00, opened on August 12, 1993 with Banque Lombard Odier & Cie SA.

    **Evidence**: exhibits 1 and 2

5. Joint account No. 112991 00 with Banque Lombard Odier & Cie SA is governed by a joint account agreement signed on 18 September 2006 by the late Jean-Jacques Boissier and Mrs. Valeska Sigren Bindhoff.

    **Evidence**: Exhibit 1

6. The joint account contract No. 112991 00 provides in particular for the following:

    "[...]

    2. <u>Each Holder of the joint account has the right to carry out all operations relating thereto, acting individually and without the agreement or the participation of the other Holder(s) of the account, and in particular to carry out all acts of management, administration and disposition</u>. In addition, each Account Holder may contract loans, pledge all securities and assets (including in its own favor or in favor of third parties), as well as have the account closed. These powers extend to account-dependent vaults.

    […]

    10. In the event of the death of one of the Holders, <u>the heirs of the latter become the legal successors of the deceased Holder</u>.

    […]"

    **Evidence**: Exhibit 1 (emphasis added)

7. It follows from this contract that Mrs. Valeska Sigren Bindhoff, holder of joint account No. 112991

3

Exhibit 17 Page 853

00, has the ability to carry out all operations relating thereto, acting individually, even without the agreement or participation of the other holder.

**Evidence**: exhibit 1 (art. 2), by appreciation

8. The late Jean-Jacques Boissier died on November 8, 2021 in Chile.

   **Evidence**: Exhibit 3

9. The late Jean-Jacques Boissier left as his heirs his wife Mrs. Valeska Sigren Bindhoff and the three children from the first marriage of the deceased.

   **Evidence**: exhibits 4a, 4b, 4c, 4d, 5a and 5b

10. By public will dated December 24, 2010, the late Jean-Jacques Boissier designated Ms. Valeska Sigren Bindhoff as executor of his estate.

    **Evidence**: exhibits 5a and 5b (fourth article)

11. The value of the assets deposited in joint account No. 11299100 with Banque Lombard Odier & Cie SA amounted to USD 17,444,576.- as of September 30, 2022.

    **Evidence**: exhibit 6, required exhibits 51 and 52

12. The assets held in joint account No. 11299100 with Banque Lombard Odier & Cie SA consisted of the following as of September 30, 2022:

    - equivalent USD 4,183,905.- of liquid assets (cash);

    - equivalent USD 16,069,816.- of shares (equities);

    - equivalent USD -2,916,678.- of derivatives;

    - equivalent USD 107,534.- of raw materials (commodities).

    **Evidence**: exhibit 6, required exhibits 51 and 52

13. The current holders of joint account No. 112991 00 are (a) Mrs. Valeska Sigren Bindhoff on the one hand, and (b) Mrs. Valeska Sigren Bindhoff and the three children of the late Jean-Jacques Boissier (hereinafter: " the heirs of the late Jean-Jacques Boissier") on the other hand, in accordance with art. 10 of the joint account contract signed on September 18, 2006.

    **Evidence**: exhibits 1, 5a and 5b

14. Ms Valeska Sigren Bindhoff also holds personal account No. 11299000 with Banque Lombard Odier & Cie SA.

    **Evidence**: Exhibit 9

15. By letter dated November 14, 2022, Mrs. Valeska Sigren Bindhoff instructed Banque Lombard Odier & Cie SA to transfer approximately 50% of the assets deposited within joint account No. 112991 00 (the equivalent of USD 8,857,630.50) from joint account No. 11299100 to her personal account No. 11299000 with the same bank.

**Evidence**: Exhibit 7

16. By letter dated 18 November 2022, Banque Lombard Odier & Cie SA indicated that it refused to proceed with the transfer order.

    **Evidence**: Exhibit 8

17. By letter dated December 2, 2022, Mrs Valeska Sigren Bindhoff gave formal notice to the bank Banque Lombard Odier & Cie SA to transfer to her half of the assets of joint account No. 112991 00, i.e. half of the cash, half of shares (equities), half of derivatives (derivatives) and half of commodities (gold and other commodities), with interest at 5% per annum (on the value of the joint account as of November 29, 2022), on account No. 112990 00 which it holds with Banque Lombard Odier & Cie SA

    **Evidence**: exhibit 10, required exhibits 51 and 52

18. Ms Valeska Sigren Bindhoff has executed the foregoing instructions with full and complete capacity for discernment, as several medical certificates attest.

    **Evidence**: Exhibit 12

19. A medical certificate dated February 3, 2022 from Dresse Adela De Jesus Perez mentions: "The undersigned doctor, as attending physician of Mrs. Valeska Sigren Bindhoff (Chilean identity card 4.101.145-9), certifies: Mrs. Sigren is regularly checked by the undersigned and is in good physical, psychological and cognitive health, and is capable of making decisions that influence or involve him. " (free translation).

    **Evidence**: exhibits 12 and 16a

20. A medical certificate dated October 5, 2022 from Dr. Carlos Garcia Brahm indicates: "I certify that Ms. Valeska Sigren B. (Chilean identity card 4.101.145-9) is cognitively and mentally fit to sign legal documents and to carry out commercial and financial transactions. " (free translation).

    **Evidence**: exhibits 12 and 16a

21. A medical certificate dated January 17, 2023 from Dresse Adela De Jesus Perez certifies: "The undersigned physician, as treating physician of Ms. Valeska Sigren Bindhoff (Chilean identity card 4.101.145-9), hereby certifies that Mrs. Sigren is regularly monitored and that she is in very good physical, psychological and cognitive health, that she retains all her mental faculties and that she is capable of making decisions and signing legal documents. This certificate is issued for the purposes that the person concerned deems appropriate. " (free translation).

    **Evidence**: exhibits 12 and 16a

22. By testimony of January 6, 2022, Mr. Raul Antonio Sigren Orfila declared in particular: "A. I am Chilean, married, general manager of Tecnagent Chile – SigSig S.A., engineer, graduate of the business development program of the University of Andes and the University of Michigan's management program. Director of SUMIT A.G., I have more than 35 years of experience in the mining industry in Chile and other Latin American countries;

    B. I declare that I have known Ms. Valeska SIGREN BOISSIER all my life and that I have always had an extremely close and affectionate family relationship with her and that I have benefited from a close and constant relationship with her;

C. Mrs. Valeska SIGREN BOISSIER is a Chilean national, teacher by profession, born on January 29, 1938 and residing at rue Fray Léon n° 12.110, Las Condes, metropolitan region, Chile;

D. I personally observed how Mrs. Valeska BOISSIER developed in a completely independent and active way throughout her life; And

E. I declare for the required purposes that to my knowledge, Mrs. Valeska SIGREN BOISSIER is today in full possession of her physical and mental faculties, that she leads a normal life and that she personally assumes responsibility for the administration its activities, its household, its staff and all the ordinary and extraordinary acts that the administration of a household naturally requires. " (free translation).

**Evidence**: Exhibit 13

23. It will also be recalled that the capacity for discernment is presumed in accordance with art. 16cc.

    **Evidence**: notorious fact

24. Consequently, all the legal acts signed by Mrs. Valeska Sigren Bindhoff are perfectly valid, including in particular the letters of November 14, 2022 and December 2, 2022 addressed to Banque Lombad Odier & Cie SA.

    **Evidence**: exhibits 12 and 13

25. Nothing allows the bank to refuse to proceed with Ms. Valeska Sigren Bindhoff's transfer orders.

    **Evidence**: Exhibit 1

26. On the contrary, clauses 1, 2 and 10 of the contract for joint account N° 112991 00 are extremely clear and require that the orders of the holders be followed up (art. 2), without regard to the internal relations which may exist between heirs (art. 1) and this to the complete discharge of the bank with regard to all account holders (art. 10).

    **Evidence**: Exhibit 1

27. Joint account contract No. 112991 00 provides the following in this regard:

    "1. The contractual relations between the Bank and the Holders are governed by the "Request to open an account" form and by these provisions, <u>without regard to the internal relations that may exist between the Holders and/or their beneficial owners, respectively. their heirs, as to the ownership of the assets which are deposited in the books of the Bank</u>.

    2. <u>Each Holder of the joint account has the right to carry out all operations relating thereto, acting individually and without the agreement or the participation of the other Holder(s) of the account, and in particular to carry out all acts of management, administration and disposition</u>. In addition, each Account Holder may contract loans, pledge all securities and assets (including in its own favor or in favor of third parties), as well as have the account closed. These powers extend to account-dependent vaults.

    […]

    10. For all transactions carried out on the account, the signature of one of the Holders (or of their legal successors) shall entail <u>full and complete discharge for the Bank with regard to all the Holders of the account</u>. If necessary, the Holders undertake jointly and severally to release and

6

Exhibit 17 Page 856

indemnify the Bank against any complaints or claims for damages that may be addressed to it by anyone.

[…]"

**Evidence**: Exhibit 1 (emphasis by the undersigned)

28. By refusing to proceed with the orders, however validly formulated by Ms. Valeska Sigren Bindhoff, the defendant violates its contractual obligations.

    **Evidence**: Exhibit 1

29. The plaintiff was therefore forced to initiate proceedings and file a request for conciliation on December 6, 2022 against the defendant.

    **Evidence**: Exhibit 15

30. The conciliation hearing took place on January 23, 2023.

    **Evidence**: Exhibit 14

31. The parties not reaching an agreement, the Court of First Instance issued an authorization to proceed to the Claimant on January 23, 2023.

    **Evidence**: exhibits 14 and 15

\* \* \* \* \*

III. **THE LAW**

According to art. 150 par. 1 CO, there is solidarity between several creditors, when the debtor declares to confer on each of them the right to demand full payment of the claim, and when this solidarity is provided for by law.

Payment made to one of the joint and several creditors releases the debtor from all (art. 150 al. 2 CO).

The debtor has the choice of paying to one or the other, as long as he has not been warned by the proceedings of one of them (art. 150 al. 3 CO).

The Federal Court has already had occasion to specify that Art. 150 par. 3 CO applied to any joint and several debt, whatever its cause, therefore including that resulting from the legal relations between the bank and the holders of a joint account (ATF 148 III 115 at 6.1 and the references cited ).

Art. 150 par. 3 CO regulates the point of knowing in whose hands the joint and several creditor the debtor performs with discharge effect. For such an effect to occur, the debt must still be enforceable. In the joint account, this is the case when several holders give the bank incompatible instructions. Thus, in accordance with the principle of solidarity (art. 150 al. 1 CO), if one of the holders of the joint account orders the transfer of an amount to his own account, the bank cannot oppose this instruction. But if, before the execution, another holder also asserts his claim to have it on account in a manner incompatible with the first instruction, the bank may release itself by executing one or the other order as long as it is not prevented by the "prosecutions" of one of the joint and several creditors, according to the terms of art. 150 par. 3 CO. It should be noted that, as this provision is of a operative nature, the parties to the banking contract may remove the free choice offered to the debtor by providing that the bank must perform its obligations towards the first holder who has the balance in the account (ATF 148 III 115 at 6.1 and the references cited).

7

Exhibit 17 Page 857

The term "prosecutions" used in s. 150 par. 3 CO should not be interpreted restrictively. It covers both prosecution within the meaning of the LP and legal action (ATF 148 III 115 at 6.2 and the references cited).

According to the decision of principle ATF 148 III 115 of the Federal Court, the first of the joint and several creditors who acts by a request for prosecution or a legal action is able to obtain the benefit in priority, in accordance with the adage "first come, first served". If necessary, it will be up to the other creditors to act against the joint and several creditor who has won the case to assert the rights resulting from the internal relations (ATF 148 III 115 at 6.4 and 7 and the references cited).

In this case, Ms. Valeska Sigren Bindhoff is co-holder of joint account No. 112991 00 with Banque Lombard Odier & Cie SA in accordance with art. 2 of the joint account contract signed on September 18, 2006 by the late Jean-Jacques Boissier and Mrs. Valeska Sigren Bindhoff.

Under art. 2 of the contract of September 18, 2006, each holder of the joint account has the right to carry out all operations relating thereto, acting individually and without the agreement or the participation of the other holder(s) of the account, and in particular to carry out all acts of management, administration and disposal.

According to art. 10 of the aforementioned contract, in the event of the death of one of the Holders, the heirs of the latter become the legal successors of the deceased Holder
By letter dated December 2, 2022, Ms. Valeska Sigren Bindhoff instructed Banque Lombard Odier & Cie SA to transfer half of the assets of joint account No. 11299100 to her personal account No. 11299000 with the same bank.

The current holders of joint account No. 112991 00 are (a) Mrs. Valeska Sigren Bindhoff on the one hand, and (b) Mrs. Valeska Sigren Bindhoff and the three children of the late Jean-Jacques Boissier (hereinafter: "the heirs of the late Jean-Jacques Boissier") on the other hand, in accordance with art. 10 of the joint account contract signed on September 18, 2006.

The four heirs of the late Jean-Jacques Boissier can only act jointly within the framework of their rights as co-holders.

Therefore, there is no room for conflicting instructions in this case. For this, the four heirs of the late Jean-Jacques Boissier, including Mrs. Valeska Sigren Bindhoff, would have to reach a unanimous agreement on a common position contrary and incompatible with Mrs. Valeska Sigren Bindhoff's instructions to the bank.

Moreover, the numerous medical certificates and the testimony of Mr. Raul Antonio Sigren Orfila attest that Mrs. Valeska Sigren Bindhoff has full capacity for discernment, which is moreover presumed in accordance with art. 16cc. Therefore, all legal acts signed by Mrs. Valeska Sigren Bindhoff are perfectly valid, including in particular the letters of November 14, 2022 and December 2, 2022 addressed to Banque Lombad Odier & Cie SA

Ultimately, nothing allows the bank to refuse to proceed with Ms. Valeska Sigren Bindhoff's transfer orders.

On the contrary, clauses 1, 2 and 10 of the contract for joint account N° 112991 00 are extremely clear and require that the orders of the holders be followed up (art. 2), without regard to the internal relations that may exist between of the heirs (art. 1) and this to the complete discharge of the bank with regard to all account holders (art. 10).

Finally, Ms. Valeska Sigren Bindhoff is the executor of the estate and the defendant must therefore also proceed with the transfer order for the plaintiff in this capacity.

Accordingly, Banque Lombard Odier & Cie SA must be ordered to transfer to Mrs Valeska Sigren Bindhoff half of the assets of joint account No. 112991 00, with interest at 5% per annum (on the value of the joint account on 6 December 2022), this on his personal account N° 112990 00 with Banque Lombard Odier & Cie SA.

* * * * *

### IV. CONCLUSIONS

Based on the foregoing, the plaintiff concludes, with costs and expenses, that the Court of First Instance should rule:

**As a preliminary matter:**

I. This request is admissible.

**Mainly:**

II. Order Banque Lombard Odier & Cie SA to transfer to Mrs Valeska Sigren Bindhoff (Boissier) half of the assets of joint account No. 112991 00, i.e. half of the liquidities (cash), half of the shares (equities), half of the derivatives and half of the raw materials (gold and other commodities), with interest at 5% per annum (on the value of the joint account as of December 6, 2022), on account No. 112990 00, including Mrs. Valeska Sigren Bindhoff (Boissier) is a holder at Banque Lombard Odier & Cie SA.

Thus done in Lausanne, May 2, 2023/gf

Pour la demanderesse :

*[signature]*

Raphaël Reinhardt, av.

9

Exhibit 17 Page 859